IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAUL E. CARNATHAN,<br>        Plaintiff | :<br>:<br>:   CIVIL ACTION NO. 1:06-CV-999 |
| v. | :<br>:   (Chief Judge Kane)<br>: |
| THE OHIO NATIONAL LIFE<br>INSURANCE COMPANY and<br>JEFFERSON NATIONAL LIFE<br>INSURANCE COMPANY,<br>        Defendants. | :<br>:<br>:<br>:<br>: |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's motion to remand this action to the Court of Common Pleas of Dauphin County, Pennsylvania. (Doc. No. 10.) The motion has been fully briefed and is ripe for disposition. The Court is satisfied that the requirements for diversity jurisdiction have been met and therefore denies Plaintiff's motion. The Court briefly explains its decision below.

**I.     BACKGROUND**

The above-captioned action was commenced in the Court of Common Pleas of Dauphin County, Pennsylvania, on April 12, 2006. Plaintiff seeks declaratory judgment to reinstate a disability income insurance policy, which would "provid[e] a monthly benefit of $2500 a month for life if plaintiff becomes disabled." (Doc. No. 16, at 4.) Plaintiff also seeks "punitive damages based on bad faith, attorneys fees, and costs as appropriate." (Doc. No. 11, at 3.)

On May 16, 2006, Jefferson National Life Insurance Company removed this action pursuant to 28 U.S.C. § 1441(1), asserting diversity jurisdiction under 28 U.S.C. § 1332.[1] (Doc.

---

[1] Section 1332 provides for federal jurisdiction in "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

No. 1.) Co-defendant Ohio National Life Insurance Company consented in removal to this Court. (Doc. No. 7.) Plaintiff seeks remand to the Court of Common Pleas of Dauphin County on the ground that the amount in controversy does not exceed $75,000. (Doc. No. 10.)

In support of his argument that remand is required, Plaintiff indicates that he is not currently seeking payment on the disability insurance policy, nor is he presently disabled. (Doc. No. 10.) Plaintiff contends that the value of reinstating the policy (as opposed to the face value of $2,500/month) is the true measure of the amount of controversy and that any determination of this value would be too speculative under the current facts. See (Doc. No. 11, at 8).

## II.   DISCUSSION

In evaluating a motion to remand under 28 U.S.C. § 1441, the removing party has the burden of establishing the existence of original jurisdiction in the federal courts. Jeffrey Press, Inc. v. Hartford Casualty Ins. Co., 326 F. Supp. 2d 626, 630 (E.D. Pa. 2004) (citing Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992)). This allocation of the burden is consistent with the settled principle that removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." Steel Valley Authority v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) (citing Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir.1985)); see also Jeffrey Press, 326 F. Supp. 2d at 630. Thus, in the instant action, Defendants have the burden of demonstrating that the amount in controversy has been met.

Generally, the amount in controversy is evaluated by looking to the demand for relief in

---

. . . Citizens of different States . . . ." 28 U.S.C. § 1332. All parties agree that complete diversity exists between Plaintiff and Defendants. (Doc. Nos. 1-1, 10.)

the plaintiff's complaint. See Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999); see also Spectacor Management Group v. Brown, 131 F.3d 120, 122 (3d Cir. 1997) ("As a general rule, that amount [in controversy] is determined from the good faith allegations appearing on the face of the complaint."). However, "where the plaintiff in a diversity action seeks injunctive or declaratory relief, the amount in controversy is often not readily determinable. Under those circumstances, the amount in controversy is determined by 'the value of the object of the litigation.'" Columbia Gas Transmission Corp. v. Tarbuck, 62 F.3d 538, 541 (3d Cir. 1995) (quoting Hunt v. Washington Apple Advertising Comm'n, 432 U.S. 333, 347 (1977)).

Where the validity of an insurance contract is at issue, "the full value of the contract, including any future payments that may possibly become payable to the insured, may be taken into account in computing the amount in controversy." Hilley v. Massachusetts Mutual Life Ins. Co., 32 F. Supp. 2d 195, 196 (E.D. Pa. 1998); see American Franklin Life Ins. Co. v. Galati, 776 F. Supp. 1054, 1059 (E.D. Pa. 1991) ("When an action is brought to rescind an insurance contract, at issue is . . . the insured's right to coverage and benefits under any circumstances.") (emphasis added). If a possible award under the insurance policy could exceed the jurisdictional amount, the amount in controversy requirement is met. See Hilley, 32 F. Supp. 2d at 196; see also Manze v. State Farm Ins. Co., 817 F.2d 1062, 1068 (3d Cir. 1987) ("In considering the jurisdictional amount requirement the court should look through to the possible award resulting from the desired arbitration [under the insurance policy at issue] . . .") (emphasis added).

Here, Plaintiff seeks the reinstatement of an insurance policy that would provide him $2,500 a month for life if he becomes disabled. The jurisdictional amount of $75,000 would be

satisfied after only 30 months of disability payment. (Doc. No. 1.) Moreover, by its terms, the policy would require payments by Defendants beyond that point if the disability continued. While Plaintiff is correct that it is difficult to place a precise value on the policy at this point in time, the Third Circuit has made clear that "[i]ndeterminancy of the amount to be recovered is . . . not sufficient to defeat diversity jurisdiction." Jumara, 55 F.3d at 887. While it is possible that Plaintiff may never make a claim under the policy, this Court considers, as part of the policy's value, any future payments that may possibly become payable to the insured. When evaluating the potential outlay under this policy, it is clear that the amount in controversy has been met.

### III.   CONCLUSION

Upon careful review, the Court finds that Defendants have adequately demonstrated that the parties are diverse and that the amount in controversy, as properly based on the potential value of the underlying insurance policy, exceeds the statutory requirement. Accordingly, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

And now, this 18th day of October, 2006, for the reasons set forth above, **IT IS HEREBY ORDERED THAT** Plaintiff's motion to remand the action to state court (Doc. No. 10) is **DENIED**.

 s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania