**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAUL E. CARNATHAN,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 1:06-CV-999** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| | : | |
| **THE OHIO NATIONAL LIFE** | : | |
| **INSURANCE CO.,** | : | |
| **Defendant** | : | |

<u>**MEMORANDUM**</u>

Before the Court is Defendant Ohio National Life Insurance Company's ("Ohio National") motion in limine to preclude introduction of financial information about Plaintiff Paul E. Carnathan ("Carnathan") and his business at trial.  (Doc. No. 51.)  For the reasons that follow, the motion will be denied.

**I.    BACKGROUND**

This action began in the Court of Common Pleas of Dauphin County, Pennsylvania, on April 12, 2006, and was removed to this Court on May 16, 2006, on the basis of diversity jurisdiction.  (Doc. No. 1.)  In his complaint, Carnathan seeks a declaratory judgment to reinstate a total disability income policy which would "provid[e] a monthly benefit of $2500 a month for life if plaintiff becomes disabled."  (Doc. No. 16 at 4.)  Trial in this matter is currently set to commence on September 8, 2008.  (Doc. No. 49.)

Ohio National seeks to preclude Carnathan from making assertions or presenting evidence as to his personal financial condition or the financial condition of his business at the upcoming trial.  (Doc. No. 51 ¶ 9.)  As part of the factual basis for its motion, Ohio National alleges that it was unable to acquire this information during discovery because Carnathan

repeatedly objected to the requests as being overly broad and not likely to lead to relevant, discoverable information. (Doc. No. 51 ¶ 9.)  Ohio National contends that Carnathan should not be permitted to introduce this evidence at trial after having objected to its relevance during discovery.  (Doc. No. 51 ¶ 11.)  Carnathan admits that he did make these objections, but asserts that his general response to the financial questioning at his deposition was sufficient.  He seeks permission to testify at trial as to the general financial status of his business consistent with his deposition testimony. (Doc. No. 54 at 3.)

## II.     DISCUSSION

Ohio National relies solely on Federal Rule of Civil Procedure 37(c)(1)[1] in support of its motion.  (Doc. No. 53 at 2.)  By its terms, however, subsection (c) of Rule 37 only applies to exclude evidence after a failure to provide information in the initial disclosures required by Rule 26(a) or after failure to supplement disclosures under Rule 26(e).  Fed. R. Civ. P. 37(c)(1).  Rule 37 was written in mandatory terms, unlike other sanction provisions of Rule 37, and is meant to strongly encourage parties to comply with the initial disclosure rules as set out in Rule 26(a). Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div., 60 F.3d 153, 155-56 (3d Cir. 1995).

For the purposes of the present motion, Ohio National does not claim that Plaintiff Carnathan failed to make adequate initial disclosures as required by Rule 26(a), or that Carnathan failed in his duty to supplement a disclosure under Rule 26(e) with newly acquired information.  Rather, Ohio National complains that Carnathan objected to discovery of this

---

[1] Rule 37(c)(1) provides in relevant part: "(1) *Failure to Disclose or Supplement*.  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

financial information in interrogatories, requests for production of documents, and during his

deposition.  (Doc. No. 51 ¶¶ 3-7.)  These discovery requests were made after the initial

disclosures required by Rule 26(a) were completed and are subject to different rules.  See Fed. R.

Civ. P. 30; Fed. R. Civ. P. 33; Fed. R. Civ. P. 34.  The proper motion to resolve a dispute that

arises under these discovery mechanisms is the motion to compel, as provided in Rule 37(a).

Fed. R. Civ. P. 37(a).  This rule places the burden on the party seeking the withheld discovery to

come forward with the motion to compel.  Id.  As such, a discovery sanction excluding evidence

of the withheld information at trial under these circumstances is governed by Rule 37(b)(2).

This sanction can only be sought after an order to provide the information is granted and the

withholding party fails to obey it.  Fed. R. Civ. P. 37(b)(2)(A).

Despite the fact that Carnathan objected to the interrogatories and requests for document

production in December 2006 (Doc. No. 51-4 Def.'s Ex. A, at 9; Def.'s Ex. C, at 24), Ohio

National has never sought to have the Court compel disclosure of the information at issue.

While excluding relevant evidence from trial is an appropriate sanction to compel strict

compliance with mandatory initial disclosures under Rule 26(a) (where a violation may be

harder for the opposing party to detect), see Newman, 60 F.3d at 156, it is certainly inappropriate

when the party seeking the information knew there was an objection and did not pursue a motion

to compel during the discovery process.[2]

Even were Rule 37(c) applicable here, the evidence is not properly excluded under the

circumstances.  The rule expressly provides that sanctions should not be applied if the failure to

---

[2]  It is also unlikely that the Court would entertain a newly filed motion to compel at this time.  While there is no set time limit stated in Fed. R. Civ. P. 37(a) to make a motion to compel, it must be sought within a reasonable time to prevent delay.  Lapenna v. Upjohn Co., 110 F.R.D. 15, 18 (E.D. Pa. 1986).

disclose was harmless.  Fed. R. Civ. P. 37(a).  Interpreting this language as a safety valve, the

Third Circuit held that the trial court still has discretion to avoid the harsh sanction of excluding

testimony, despite the mandatory terms of Rule 37(c).  Newman, 60 F.3d at 156.  One factor that

a court should consider when ruling on a motion to exclude testimony under Rule 37(c) is

whether the discovery violation at issue caused prejudice or surprise to the opposing party.  Id.

(citing Bronk v. Ineichen, 54 F.3d 425, 432 (7th Cir. 1995)).  Further, "notwithstanding Rule

37(c), the district court may be found to have abused its discretion if [its] exclusion of testimony

results in fundamental unfairness in the trial of the case."  Id. (quoting Orjias v. Stevenson, 31

F.3d 995, 1005 (10th Cir. 1994)).

      Carnathan here only seeks to testify as to the general financial condition of his business

in accord with his deposition testimony on the subject.  (Doc. No. 54 at 3.)  While Carnathan

objected to related questions at his deposition, he still provided answers as required.[3]  Fed. R.

Civ. P. 30(c)(2).  There is no surprise or prejudice to Ohio National, as the information has

always been available in Carnathan's deposition transcript.  As such, any non-disclosure is

merely harmless.

## III.    CONCLUSION

---

[3] The deposition exchange on this issue went as follows:

> [Ohio National]: […] Is the business running well in terms of its financial – is it
> in good financial health?
> [Carnathan]: Yes it is.
> [Plaintiff's Counsel]: I am going to interpose an objection dealing - - there
> is no relevance relative to this case dealing with the financial status
> of the business. But with that, go ahead.
> Q: Have there been good years and bad years that you have had
> with regard to the business?
> A: There's always some ups and downs, but my business has been
> very vibrant for the last 20 years.

(Doc. No. 51 ¶ 5.)

Accordingly, the Court will deny Defendant Ohio National's motion in limine and allow Plaintiff Carnathan to testify generally as to the financial condition of his business consistent with his deposition testimony.  An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

PAUL E. CARNATHAN,    :
     Plaintiff,   :
          :  **CIVIL ACTION NO. 1:06-CV-999**
v.         :
          :  **(Chief Judge Kane)**
          :
THE OHIO NATIONAL LIFE  :
INSURANCE CO.,    :
     Defendant.  :

## ORDER

  **AND NOW**, this 25th  day of August 2008, upon consideration of Defendant's Motion in Limine Precluding Financial Information about Plaintiff and his Business (Doc. No. 51) filed in the above-captioned matter, and for the reasons set forth in this Court's Memorandum Opinion filed herewith, **IT IS HEREBY ORDERED** that said Motion is **DENIED**.  Plaintiff shall be permitted to testify as to the financial condition of his business in general terms, consistent with his deposition testimony.

           s/ Yvette Kane    
         Yvette Kane, Chief Judge
         United States District Court
         Middle District of Pennsylvania